UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William D. Allen, Sr., # 178666,<br>*a.k.a. William Dale Allen, Sr.,*<br><br>Petitioner,<br><br>vs.<br><br>Warden, Lieber Correctional Institution,<br><br>Respondent. | ) C/A No.4:11-1036-DCN-TER<br>)<br>)<br>)<br>)<br>) **Report and Recommendation**<br>)<br>)<br>)<br>)<br>) |

Petitioner, a state prisoner in the South Carolina Department of Corrections' Lieber Correctional Institution in Ridgeville, South Carolina, serving a sentence of life imprisonment, files the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

Petitioner alleges that his murder conviction, guilty plea to the existence of a statutory aggravating circumstance under South Carolina's death penalty statute, and resulting sentence of life imprisonment (with eligibility for parole in thirty (30) years), in Orangeburg County General Sessions Court on July 13 - 14, 1991, were unlawful because:

> [the] [d]ate of the crime as shown on Indictment # 91GS38-0194 is an impossible day. Due to the fact that date on Indictment # 91GS38-0194 is state as October 29, 1989 and also shows October 28, 1989, and on Autopsy report # FA89-228 shows the date [that the murder victim's body was found] as October 27, 1989 (attached) see Ex parte Bain, Jr. U.S. Supreme Court March 28, 1887 pg 4&5 section 15&16

ECF No. 1, p. 5.

1

Petitioner has previously brought a § 2254 habeas action in this Court challenging the validity of this murder conviction and sentence.[1] In *Allen v. Bart*, 4:02-3328-HMH-TER (D.S.C.), Respondent's motion for summary judgment was granted, on February 26, 2007. *See* Order & Opinion, *Allen v. Bart*, 4:02-3328-HMH-TER (D.S.C. Feb. 26, 2007) ECF No. 17. Hence, the threshold issue in the instant case is whether Petitioner has complied with the provisions of § 28 U.S.C. § 2244(b)(3)(A)-(E) and Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts, which govern an action in which a petitioner, who is in custody pursuant to the judgment of a state court, seeks to present claims in a second or successive habeas corpus application under § 2254. Having reviewed the instant Petition and applicable law, the undersigned recommends that this second § 2254 Petition be summarily dismissed without prejudice.

**DISCUSSION**

Under 28 U.S.C. § 2244(b)(3)(A), "*[b]efore* a second or successive [§ 2254] application permitted by this section is filed in the district court, the applicant *shall move* in the appropriate court of appeals for an order authorizing the district court to consider the application."(emphasis added).

> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

---

[1] The undersigned takes judicial notice of Petitioner's prior proceedings in this Court. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3)(B) - (E).[2]

Pursuant to the cited statute and rule, when a petitioner has previously litigated a § 2554 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court," . . . "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Such a motion has not been filed in the Fourth Circuit by Petitioner. Consequently, this District Court has no jurisdiction to consider the instant Petition and Petitioner is barred from attacking this state court conviction and sentence in this Court. Therefore, as Petitioner has not obtained an order of the Fourth Circuit Court of Appeals authorizing this Court to consider this second § 2254 application for a writ of habeas corpus, the Petition should be dismissed.

## RECOMMENDATION

Accordingly, it is recommended that the instant Application for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed without prejudice. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen

---

[2] Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts reiterates this requirement, stating that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals, authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."

initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent).

Petitioner's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 24, 2011
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).